J-A08001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| STEPHEN R. RANDALL | |
| Appellant | No. 473 EDA 2016 |

Appeal from the Judgment of Sentence February 3, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004208-2012

BEFORE: PANELLA, J., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JUNE 29, 2017**

The Philadelphia Police Department charged Appellant, Stephen R. Randall, with assorted crimes arising from an attempted carjacking of Monica Kelly and Earl Stanton. The primary factual issue at Randall's bench trial was Kelly and Stanton's identification of Randall as one of the three males who accosted them. Despite significant evidence of suggestive taint by police procedures, the trial court found Kelly and Stanton's in-court identification of Randall credible, and therefore found him guilty on all charges.

---

[*] Former Justice specially assigned to the Superior Court.

On appeal, Randall contends that the trial court erred in failing to grant him a new trial as the weight of the evidence at trial was against its verdict.

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Champney***, 832 A.2d 403, 408 (Pa. 2003) (internal citations omitted).

> When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review.

***Commonwealth v. Gibbs***, 981 A.2d 274, 282 (Pa. Super. 2009) (internal quotes and citations omitted).

A review of the trial transcript reveals the following testimony. Stanton testified that at approximately 8:00 p.m. on March 18, 2012, he was a passenger in a vehicle driven by Kelly. At the intersection of 15th Street and 70th Avenue, three armed men approached the vehicle. One man approached Stanton on the passenger side of the vehicle; the other two menaced Kelly through the driver's side window.

Neither Stanton or Kelly recognized any of the males. One of the males directed Kelly to disembark from the vehicle. However, another car approached the intersection and its headlights distracted the assailants, allowing Kelly to quickly drive away from the intersection. The incident lasted less than a minute.

Once safely away from the scene of the crime, Stanton called 911. He told the dispatcher that the assailants were "three black males … I think one … guy had white sneakers [and]  I think a blue sweat suit jacket on [and] I think blue jeans." He could not provide a description of the other two assailants to the dispatcher.

The information Kelly provided to the dispatcher was, if anything, even sparser. She informed the dispatcher that she could not describe the assailants' clothing except that one of them had a hoodie on.

When police arrived to interview Stanton, he provided the following description:

> Black male, 160 pounds approximately, brown skin, mustache, early 20s. He had a hoodie. His clothes were not as dark as the other males. He was closer to the vehicle. His clothes were not dark, but not bright that would stand out. … [T]hey all had hoodies and hats on.

He could not describe the hats worn by the assailants, because the hoodies covered them.

Police drove Kelly and Stanton around the neighborhood in an effort to locate their assailants. This effort was unsuccessful, and Kelly and Stanton

were driven to the police station. At the police station, officers received a report of a gunshot victim, Randall, at a local hospital claiming that he had been shot while being robbed at the intersection of 15th Street and 70th Avenue. Randall informed hospital personnel that he had driven himself to the hospital after being shot during a robbery.

Police quickly surmised that the two incidents were related. Kelly and Stanton were informed that the gunshot victim at the hospital was suspected to be one of their assailants, and they were driven to the hospital to make an identification. Both Stanton and Kelly positively identified Randall as one of their assailants.

Over a year later, after Randall had been charged, a line-up identification was held. Six men were in the lineup; Stanton immediately identified Randall.

Randall testified in his own defense. He stated that he lived at the intersection of 15th Street and 70th Avenue. He was sitting in his car texting when an assailant approached his passenger side window and demanded that he "give it up." Randall drove away, but suffered a gunshot wound to his arm as the assailant fired at him. When Stanton and Kelly were brought to the hospital to identify him, his hat was lying next to him on the bed.

Randall contends that under these circumstances, Stanton's and Kelly's identifications were unreliable. He highlights: (a) the short amount of time the victims had to observe their assailants, (b) the sparse descriptions

given by the victims to the police dispatcher, (c) the taint caused by the police informing the victims that Randall was a suspect before they saw him, and (d) the presence of his hat and boots in his hospital room when Stanton and Kelly first identified him.

In rejecting these arguments, the trial court provided the following reasoning:

> [T]his [c]ourt submits that it correctly concluded that the verdict does not shock the conscience. The complainants identified [Randall] shortly after the incident occurred as one of the three persons involved in the incident. They identified [Randall] immediately upon seeing him and Stanton again identified him at a lineup that occurred months after the incident happened. Both complainants were absolutely certain in the reliability of their identifications.
>
> Support for the reliability of the identifications is found in the fact that both complainants placed defendant on the driver's side of the car and did not identify any other person shown to them the night of the incident. They were also consistent in their testimony with respect to many of the other details of the crime. In addition, [Randall] turned away from both complainants when they were asked to identify him.
>
> In addition, this [c]ourt did not find [Randall's] testimony credible. According to [Randall,] despite being shot, he did not call police and instead drove himself to a hospital using a route that took longer than necessary. In this [c]ourt's opinion, a person that had been shot during a robbery would not have acted as defendant did that evening. Instead, such a victim would have done what the complainants herein did and immediately contact[ed] the police.
>
> Finally, while the police should not have advised the complainants that a possible suspect was at the hospital before transporting them there, this [c]ourt did not find that the police's actions so tainted the complainants' identifications such that the verdict shocks the conscience because the complainants: 1.) were certain in identifying [Randall]; 2.) were consistent in their

- 5 -

recall of the incident; and 3.) identified [Randall] shortly after the incident occurred. Moreover, [Randall's] testimony about his actions the night of the incident was preposterous.

Trial Court Opinion, 5/12/16, at 10-11 (citation omitted).

After reviewing the certified record, we cannot conclude that the reasoning quoted above constitutes an abuse of the trial court's discretion on this issue. The trial court acknowledges the weaknesses in the case presented by the Commonwealth, but provides cogent reasons for finding Stanton's and Kelly's identification of Randall credible. As such, Randall's sole issue on appeal merits no relief.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/29/2017